# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER M. ARENA,<br><br>           Plaintiff,<br><br>     v.<br><br>CERVANTES, *et al.*,<br><br>           Defendants. | Case No.  1:21-cv-00928-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>ECF No. 1<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Peter M. Arena ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 14, 2021, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California State Prison in Sacramento, California. The events in the complaint allegedly arose at California State Prison in Corcoran, California. Plaintiff names the following defendants: (1) W. Cervantes, Correctional Officer; (2) D. Berlanga, Correctional Officer; (3) E. Cerda- Jirano, Correctional Officer; (4) E. Moreno, Correctional Sergeant; and (5) Ceja, Correctional Officer.

Plaintiff alleges as follows. On 5/25/20, Defendant Cervantes violated SHU policy and signaled to the control officer to open Plaintiff's cell while Plaintiff was not in cuffs. Defendant Cervantes entered Plaintiff cell and began punching Plaintiff in the face. Defendant Cerda, Berlanga, and Ceja ran into the cell, and all four were punching and kicking Plaintiff. Plaintiff was pinned down and cuffed. Then Defendant Cervantes put his foot on Plaintiff's neck while face down and prone, and pulled up Plaintiff's cuffed arms violently. Cerda was punching Plaintiff's ribs and Berlanga was kicking Plaintiff's head. Defendant Ceja was trying to stomp Plaintiff's feet and was punching Plaintiff's head. Plaintiff was dragged into the rotunda and put in a chair. Sgt. Moreno was in the rotunda, and he put on gloves and began choking Plaintiff's neck and punching his face. Sgt Moreno put his boot between the leg chain shackles and kicked the chain three or four times. He then had Plaintiff dragged to medical.

As a result, Plaintiff suffered two dislocated shoulders that required surgery, a fractured shoulder, nerve damage in the arm, cuts on the back of his legs and bruising. As remedies Plaintiff is seeking compensatory damages and an injunction for cameras in the SHU units, yard, rotunda area. Plaintiff seeks a grand jury investigation into officer misconduct and unlawful use of force while in restraints.

### III. Discussion

#### A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See *Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants W. Cervantes, Correctional Officer; D. Berlanga, Correctional Officer; E. Cerda- Jirano, Correctional Officer; E. Moreno, Correctional Sergeant; and Ceja, Correctional Officer.

///

3

**B. Failure to Follow Departmental Policy**

To the extent plaintiff attempts to claim a violations of prison policy, such claims are not actionable in federal court. See generally 28 U.S.C. § 1983; *see Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (stating Section 1983 requires plaintiff to demonstrate violation of federal law, not state law). Insofar as Plaintiff brings suit against any of the Defendants for violations of CDCR policy, he is advised that a violation of a prison regulation or policy is not a per se constitutional violation. See *Davis v. Kissinger*, 2009 WL 256574, *12 n.4 (E.D. Cal. 2009). Thus, complaints that prison officials violated prison policy will not support a Section 1983 claim.

**C. Injunctive Relief**

Plaintiff seeks injunctive relief in this action. Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

1984).

The injunctive relief Plaintiff is seeking, such placing camera throughout the institution and establishing a grand jury, go beyond what would be allowed under the PLRA as they are not narrowly tailored to address the violations of the rights at issue in this action. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674-75 (9th Cir. 1988). Therefore, the Court cannot grant broad requests for relief or requests based on the possibility of an injury.

### IV.   Conclusion and Order

The Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants W. Cervantes, Correctional Officer; D. Berlanga, Correctional Officer; E. Cerda- Jirano, Correctional Officer; E. Moreno, Correctional Sergeant; and Ceja, Correctional Officer for excessive force in violation of the Eighth Amendment.  Plaintiff fails to state any other cognizable claims based on violation of CDCR SHU policy and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's complaint, filed June 14, 2021, against Defendants W. Cervantes, Correctional Officer; D. Berlanga, Correctional Officer; E. Cerda- Jirano, Correctional Officer; E. Moreno, Correctional Sergeant; and Ceja, Correctional Officer for excessive force in violation of the Eighth Amendment; and
2. Any other claim based on violation of CDCR SHU policy be dismissed from this action for failure to state a claim upon which relief may be granted.

\*\*\*

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 11, 2021__      /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE