# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MICHAEL ARENA,<br><br>        Plaintiff,<br><br>   v.<br><br>CERVANTES, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-00928-JLT-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br>(ECF No. 35)<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE ORDERS ON PLAINTIFF<br>(ECF Nos. 32, 33) |

Plaintiff Peter Michael Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds against Defendants Cervantes, Berlanga, Cerda-Jirano, Moreno, and Ceja for excessive force in violation of the Eighth Amendment.

On March 1, 2022, the undersigned issued an order granting Defendants' request to opt out of post-settlement ADR and a discovery and scheduling order.  (ECF Nos. 32, 33.)  On March 15, 2022, those orders were returned as "Undeliverable, Not Deliverable as Addressed."  Following Plaintiff's failure to file a notice of change of address, on June 1, 2022, the undersigned issued findings and recommendations that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  (ECF No. 35.)

On June 10, 2022, Plaintiff filed objections to the findings and recommendations.  (ECF No. 36.)  Plaintiff states that he has not changed addresses or left his current institution at all

during the alleged time frame, though he did not receive the Court's orders that were returned, and was never informed that mail had been sent from the Court. Plaintiff also requests another settlement conference or a trial. (*Id.*)

As it appears Plaintiff's address has not changed—given that he received the Court's findings and recommendations at the same address—the Court finds it appropriate to vacate the findings and recommendations and re-serve the returned orders.

At this time, the Court will not set this case for another settlement conference. Without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference. The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

Based on the foregoing IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on June 1, 2022, (ECF No. 35), are VACATED;
2. The Clerk of the Court is directed to re-serve the Court's March 1, 2022 order granting Defendants' request to opt out of post-settlement ADR, (ECF No. 32), and March 1, 2022 discovery and scheduling order, (ECF No. 33), on Plaintiff at his current address of record; and
3. This action will proceed according to the deadlines set in the March 1, 2022 discovery and scheduling order.

IT IS SO ORDERED.

Dated: **June 13, 2022**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE