1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ## EASTERN DISTRICT OF CALIFORNIA

10

11 | PETER MICHAEL ARENA, | Case No. 1:21-cv-00928-JLT-BAM (PC) |
12 | Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
13 | v. | |
14 | CERVANTES, *et al.*, | (ECF No. 38) |
15 | Defendants. | |

16

17        Plaintiff Peter Michael Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18 *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds

19 against Defendants Cervantes, Berlanga, Cerda-Jirano, Moreno, and Ceja for excessive force in

20 violation of the Eighth Amendment.

21        Currently before the Court is Plaintiff's motion for appointment of counsel, filed July 20,

22 2022.  (ECF No. 38.)  Plaintiff states that due to the complexities of this case and his mental and

23 physical disabilities, he requests appointment of counsel to assist him in moving forward in the

24 conclusion of this matter.  Plaintiff suffers from severe bipolar disorder, brain damage, and

25 several physical ailments, which make it extremely difficult to understand the complex laws in

26 federal court.  Plaintiff also takes medications which cause severe drowsiness, excessive sleep,

27 and difficulty concentrating.  Plaintiff states that he was deemed so mentally incompetent that in

28 order for CDCR to stabilize him, he was placed on involuntary psychotropic medication and has

1   been in a psych service unit since 2007.  Plaintiff has sought counsel many times since this suit

2   was filed and has only received one written response.  Plaintiff believes that if the Court grants

3   his motion for counsel, this matter can be resolved much faster.  Plaintiff has had help up to this

4   point in this case, but that help will no longer be available.  Plaintiff has attached exhibits to his

5   motion, including letters seeking representation and medical records demonstrating his

6   involuntary medication.  (*Id.*)

7        Defendants have not yet had an opportunity to respond to Plaintiff's motion, but the Court

8   finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

9        Plaintiff is informed that he does not have a constitutional right to appointed counsel in

10  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

11  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

12  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

13  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

14  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

15  1525.

16       Without a reasonable method of securing and compensating counsel, the Court will seek

17  volunteer counsel only in the most serious and exceptional cases.  In determining whether

18  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

19  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

20  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

21       The Court has considered Plaintiff's request, but does not find the required exceptional

22  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

23  would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed

24  almost daily by prisoners who are suffering from physical or mental health conditions or are

25  taking psychotropic medications.  These plaintiffs also must litigate their cases without the

26  assistance of counsel.

27       Furthermore, at this stage in the proceedings, the Court cannot make a determination that

28  Plaintiff is likely to succeed on the merits.  Although the Court found that Plaintiff stated some

cognizable claims in the complaint, the Court cannot say that those claims have a likelihood of ultimately being successful in the face of a motion or summary judgment or trial.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 38), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 21, 2022**                                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE