# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MICHAEL ARENA,<br><br>    Plaintiff,<br><br>  v.<br><br>CERVANTES, *et al.*,<br><br>    Defendants. | Case No.  1:21-cv-00928-JLT-BAM (PC)<br><br>ORDER STAYING BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 42)<br><br>ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION TO DISMISS SUIT WITHOUT PREJUDICE<br>(ECF No. 43)<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF COURT TO FORWARD COPIES OF PLAINTIFF'S MOTION TO DISMISS AND INSTANT ORDER TO WARDEN OF CALIFORNIA STATE PRISON, SACRAMENTO |

Plaintiff Peter Michael Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cervantes, Berlanga, Cerda-Jirano, Moreno, and Ceja for excessive force in violation of the Eighth Amendment.

On January 9, 2023, Defendants filed a motion for summary judgment on the grounds that the undisputed facts show that Plaintiff's claims are barred under the favorable termination doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  (ECF No. 42.)  Plaintiff's

1

opposition is currently due on or before February 2, 2022.  Local Rule 230(l).

Currently before the Court is Plaintiff's Motion to Dismiss Without Prejudice, filed January 26, 2023.  (ECF No. 43.)  In the motion, Plaintiff states that on January 19, 2023, Correctional Officer Phelps entered Plaintiff's cell, CSP-Sac B7 #124, and removed all of Plaintiff's personal property, including all of his legal property, legal mail, law books, Defendants' motion for summary judgment, and every single item except Plaintiff's state linen and mattress.  Plaintiff was told by Lieutenant Anderson that he was placing Plaintiff on property restriction, including legal property and all legal mail and documents inside Plaintiff's cell, for 90 days.  Plaintiff had received Defendants' motion for summary judgment on January 19, 2023, the same day Officer Phelps confiscated all of Plaintiff's legal property needed to respond to the motion.  (*Id.*)

Plaintiff further states that he was thrown violently down to the cement floor, as they removed his property while he was in full restraints.  Correctional Officers Morena and Acuna told Plaintiff to stop filing lawsuits.  Plaintiff argues that he cannot respond to Defendants' motions or meet any Court deadlines without his legal documents in his possession.  Plaintiff does not have the Attorney General's address or name or case number if he does not have his legal documents in his possession.  Plaintiff alleges that the retaliation (in the form of a physical assault, false RVR and threat to stop this lawsuit) is all recorded on the B7 video camera footage in the dayroom, at approximately 8:00 p.m. on January 19, 2023.  Plaintiff submitted a CDC appeal concerning his property, but the response date will be well beyond the 21-day deadline to respond to Defendants' summary judgment motion, which Plaintiff no longer possesses.  Plaintiff therefore requests that the Court dismiss this case, without prejudice, because of the retaliation and impediment to this suit resulting from the confiscation of Plaintiff's legal documents, books, and case information.  Plaintiff states that this is the second time his legal property has been taken to prevent him from using the court system, and prays that the Court will dismiss without prejudice and intervene where matters of property concerning civil suits lie.  (*Id.*)

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have

2

appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Therefore, Plaintiff may dismiss this action by filing a stipulation of dismissal that is signed by all parties who have appeared. However, the motion includes only Plaintiff's signature.

A party may also dismiss an action by filing a motion requesting the Court to dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Hamilton v. Fireston Tire & Rubber Co. Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

The Court finds that Plaintiff may be attempting to file a motion to dismiss this action pursuant to Rule 41(a)(2). However, in light of the serious and concerning allegations regarding the confiscation of all of Plaintiff's legal property and multiple instances of retaliation in response to Plaintiff's pending litigation, it is not clear to the Court whether Plaintiff actually intended to request an extension of time to respond to Defendants' motion for summary judgment, rather than a dismissal of the entire action. Such allegations, if true, are of great concern to the Court, and at this time it does not appear that a dismissal is warranted without further information.

Therefore, Defendants are directed to file a response to Plaintiff's motion, specifically addressing the allegations raised regarding the confiscation of Plaintiff's legal property for ninety days. The deadline for Plaintiff to file an opposition to Defendants' motion for summary judgment is vacated, and further briefing on Defendants' motion is stayed, pending resolution of Plaintiff's motion to dismiss. In addition, in light of the seriousness of Plaintiff's allegations, the Court finds it appropriate to serve a copy of this order on the Warden of California State Prison – Sacramento, that he might be made aware of the allegations Plaintiff has raised against these officers and take any actions that are warranted under the circumstances.

Accordingly, it is HEREBY ORDERED as follows:

1. Briefing on Defendants' motion for summary judgment, (ECF No. 42), is STAYED pending further order of the Court;
2. Within **twenty-one (21) days** from the date of service of this order, Defendants are DIRECTED to file a response to Plaintiff's motion to dismiss, (ECF No. 43), as discussed above; and

3

3. The Clerk of the Court is DIRECTED to forward a copy of Plaintiff's motion to dismiss, (ECF No. 43), and a copy of this order to the Warden of California State Prison – Sacramento, that he might be made aware of the serious allegations Plaintiff has raised.

IT IS SO ORDERED.

Dated: **January 27, 2023**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

4