# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MICHAEL ARENA,<br><br>            Plaintiff,<br><br>   v.<br><br>CERVANTES, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-00928-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS SUIT<br>(ECF No. 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR TO STAY PENDING DISCOVERY<br>(ECF No. 45)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS<br>(ECF No. 47)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(ECF No. 48)<br><br>ORDER RESETTING DEADLINE FOR PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**THIRTY (30) DAY DEADLINE** |

     Plaintiff Peter Michael Arena ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Cervantes, Berlanga, Cerda-Jirano, Moreno, and Ceja for excessive force in

1

violation of the Eighth Amendment.

**I.     Procedural Background**

On January 9, 2023, Defendants filed a motion for summary judgment on the grounds that the undisputed facts show that Plaintiff's claims are barred under the favorable termination doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (ECF No. 42.)

On January 26, 2023, Plaintiff filed a Motion to Dismiss Without Prejudice, alleging that his personal and legal property was removed from his cell on January 19, 2023 and he would be unable to respond to the motion for summary judgment. (ECF No. 43.) The Court stayed briefing on the motion for summary judgment and directed Defendants to file a response to Plaintiff's motion, specifically addressing the allegations raised regarding the confiscation of Plaintiff's legal property for ninety days. (ECF No. 44.)

On February 3, 2023, prior the filing of Defendants' response, Plaintiff filed a Request to Deny Defendants' Motion for Summary Judgment or Grant a Stay Pending Denial of Discovery by Defendants. (ECF No. 45.) Defendants' February 21, 2023 response addressed both Plaintiff's original Motion to Dismiss and Plaintiff's February 3, 2023 motion. (ECF No. 46.) Plaintiff then filed a further motion on March 31, 2023, apparently in reply to Defendants' response. (ECF No. 47.) Finally, Plaintiff filed a motion to appoint counsel on May 2, 2023. (ECF No. 48.)

Although Defendants have not yet had an opportunity to respond to Plaintiff's latest motion to appoint counsel, the Court finds a response unnecessary. The above-listed motions are all deemed submitted. Local Rule 230(l).

**II.    Discussion**

  **A.     Plaintiff's Property**

Plaintiff alleges that on January 19, 2023, all of his personal and legal property was removed from his cell, and he was informed that he was being placed on property restriction for ninety days. (ECF No. 43, p. 1.) Plaintiff alleges that the confiscation of his property, as well as the physical assault he alleges occurred during the removal of the property from his cell, was done in retaliation for filing lawsuits. (*Id.* at 2.)

1    In response, Defendants contend that Plaintiff's legal property was confiscated due to an
2 August 2022 rules violation, which resulted in a guilty plea and various sanctions, including
3 ninety days of property restrictions. (ECF No. 46, p. 2.) This property restriction began on
4 January 19, 2023, and although Plaintiff's legal paperwork was originally confiscated on January
5 19, 2023, all legal paperwork was returned to Plaintiff on January 24, 2023, days before Plaintiff
6 filed his motion to dismiss, (i*d.* at 3), which was signed on January 21, 2023, (ECF No. 43, p. 3).

7    In his March 31, 2023 reply, Plaintiff contends that his legal property was previously
8 taken on August 28, 2022, in addition to a physical assault by officers. (ECF No. 47, pp. 1–2.)
9 Plaintiff states that he only received his property back on September 27, 2022 because he filed a
10 writ in Sacramento Superior Court. Plaintiff appears to contest the basis for the August 2022
11 rules violation (which also occurred on August 28, 2022, but is apparently unrelated to the
12 property or assault alleged) as false. Plaintiff further alleges that both times his legal documents
13 were seized, several folders and envelopes of documents went missing. Plaintiff additionally
14 states that his legal property was seized again on March 23, 2023, at the time of writing his reply
15 brief, and after it was returned several folders relating to this suit are missing. (*Id.* at 5.) Plaintiff
16 does not specify what materials related to this case were in the missing folders.

17    Finally, in his May 2, 2023 motion to appoint counsel, Plaintiff alleges generally that he
18 continues to have all of his legal documents, including law books, seized and withheld from his
19 possession, and he cannot litigate without these documents pertaining to this suit. (ECF No. 48,
20 p. 1.) Plaintiff states that some of the property has been stolen, lost, or destroyed by staff. (*Id.*)

21    Based on the arguments presented by both parties, it appears that the legal property
22 confiscated from Plaintiff on January 19, 2023, pursuant to the rules violation disciplinary
23 hearing, was returned on January 24, 2023. Whether the confiscation was done out of retaliation
24 for Plaintiff's ongoing litigation or whether the rules violation was itself false or done out of
25 retaliation, are not questions currently before the Court. To the extent Plaintiff is attempting to
26 challenge the validity of the rules violation conviction or any resulting penalties, this lawsuit is
27 not the appropriate forum to raise those issues.
28 ///

With respect to Plaintiff's allegations that his legal property was also seized in August 2022 and again on March 23, 2023, resulting in missing materials related to this action, the Court has insufficient information to determine whether those materials will prevent Plaintiff from continuing to litigate this case. Although Plaintiff alleges, in a conclusory fashion, that he "absolutely cannot litigate without these documents that pertain to this suit," (ECF No. 48, p. 1), Plaintiff has not specified which documents he is missing or how they are necessary to litigating this suit. As discussed below, Plaintiff will have the opportunity to raise these concerns, and include more information about them, in his opposition to the motion for summary judgment.

To the extent Plaintiff requests that the Court issue an order directing prison staff at CSP – Sacramento to stop seizing his legal property or otherwise interfering with his litigation efforts, the request is denied as moot, as it appears Plaintiff was recently transferred to a new institution. (ECF No. 49); *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**B.    Discovery Dispute**

Plaintiff also requests that the Court further stay briefing on Defendants' motion for summary judgment because he has requested discovery from Defendants and has not received a response. (ECF No. 45.) Plaintiff alleges that when he responded to Defendants' discovery requests, he also requested an Internal Affairs video interview, use of force video, and copies of all of Defendants' disciplinary files. (*Id.* at 1.)

Defendants assert that Plaintiff did not serve any discovery in this case. (ECF No. 46, p. 4; ECF No. 46-1, ¶¶ 2–3.)

In response, Plaintiff contends that this is untrue, and that when he responded to Defendants' discovery requests by "relinquish[ing] every piece of paper [he] had," he also sent his own requests.[1] (ECF No. 47, p. 3.) Specifically, Plaintiff requested that defense counsel's

---

[1] To the extent Plaintiff complains that he sent original documents in response to Defendants' discovery requests, it

4

office send Plaintiff the Internal Affairs "serious injury" video interview, the interview from ISU, and other materials including medical 7129 forms from May 25, 2020, the day of the attack.  (*Id.*) Plaintiff states that he never received a response to these requests.  Plaintiff also attaches several exhibits, including a June 12, 2022 proof of service, an August 14, 2022 request for an envelope for mailing, July 22, 2022 withdrawals from his trust account for legal copies, and an August 14, 2022 trust withdrawal order for a large envelope, in support of his assertion that he mailed his discovery responses and requests to Defendants.  (ECF No. 47, pp. 6–9.)

Pursuant to the Court's March 1, 2022 Discovery and Scheduling Order, responses to written discovery requests are due forty-five days after the request is first served.  (ECF No. 33, p. 1.)  Assuming Plaintiff included his discovery requests together with his responses to Defendants' discovery requests, mailed on July 12, 2022, (ECF No. 47, p. 6), Defendants' responses were due on or before August 26, 2022.  Therefore, Plaintiff had more than two months until the November 1, 2022 discovery deadline to file a motion to compel Defendants to respond to his requests.  However, Plaintiff did not file a motion to compel or otherwise alert the Court of a potential discovery dispute until the filing of his February 3, 2023 motion to stay Defendants' motion for summary judgment.  (ECF No. 45.)  Plaintiff does not otherwise explain his failure to file a motion to compel before the discovery deadline.

In reviewing Plaintiff's arguments and exhibits submitted in support, the Court does not find that Plaintiff has shown that he actually sent any discovery requests to Defendants.  At most, Plaintiff has shown that he served responses to Defendants' discovery requests, not that he included requests of his own.  Plaintiff's July 12, 2022 proof of service states that he served his "Response to Defendants Motion for Request of Discovery documents" and "Plaintiff's Discovery documents," but nothing in his exhibits otherwise indicates that Plaintiff served his own <u>requests</u> for discovery documents from Defendants.  (*See* ECF No. 47, p. 6.)  As Plaintiff has not included a copy of the contents of his mailing, the Court cannot find at this time that any requests were actually included in his discovery responses to Defendants.

---

was Plaintiff's responsibility to keep his original documents for use in this litigation.  Further, it appears Plaintiff was warned by prison staff not to mail original documents in response to discovery requests.  (ECF No. 47, p. 7.)

Accordingly, the Court denies Plaintiff's request to further stay briefing on Defendants' motion for summary judgment until he can receive discovery responses. Plaintiff had the opportunity to file a motion to compel before the discovery deadline and failed to do so, and Plaintiff has not provided an explanation for that failure or a reason for the Court to reopen discovery at this late date. Furthermore, Plaintiff has not indicated how the allegedly requested discovery is necessary in order for him to oppose Defendants' summary judgment motion.

### C. Motion to Appoint Counsel

In his motion to appoint counsel, Plaintiff states that on March 28, 2023, he was increased from the EOP level of mental health care to "ICF State Hospital Level of Care," due to the severity and increase in his mental and physical disabilities. (ECF No. 48.) Plaintiff also reasserts that he continues to have all of his legal documents seized and withheld from his possession, and absolutely cannot litigate without these documents that pertain to this suit. Plaintiff argues that without counsel, it will be impossible to move forward with the more complex issues at a trial, and that the Court should either grant his request for appointment of counsel or rule in favor Plaintiff's original request for an award of damages to resolve this suit. (*Id.*)

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners who are suffering from physical or mental health conditions and have limited access to legal resources.  These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court found that Plaintiff stated some cognizable claims in the complaint, the Court cannot say that those claims have a likelihood of ultimately being successful in the face of a motion for summary judgment or trial.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

To the extent Plaintiff is requesting a ruling in his favor and an award of damages, the request is denied for the reasons explained in the Court's September 27, 2022 order.  (ECF No. 41.)

**D.     Briefing on Defendants' Motion for Summary Judgment**

Based on the foregoing, the Court finds it appropriate to reset the briefing schedule for Defendants' motion for summary judgment.  If Plaintiff continues to experience difficulties accessing his legal property, or he finds that there are specific legal materials missing from his property that are required to respond to Defendants' motion for summary judgment, he may raise those arguments in his opposition.  Plaintiff should specify what documents or materials are missing and how they are necessary for him to adequately respond to Defendants' motion.  If Plaintiff is experiencing a temporary deprivation of his property (for example, if his property was transpacked during his recent transfer to a new institution and has not yet been reissued to him), Plaintiff may file a motion for extension of time and explain why he needs more time and how much time is required.

///

///

### III.  Order

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to dismiss suit without prejudice, (ECF No. 43), is DENIED;
2. Plaintiff's motion to deny Defendants' motion for summary judgment or to stay pending discovery, (ECF No. 45), is DENIED;
3. Plaintiff's motion regarding Defendants' response to Plaintiff's motion to dismiss, (ECF No. 47), is DENIED;
4. Plaintiff's motion to appoint counsel, (ECF No. 48), is DENIED, without prejudice;
5. Plaintiff's opposition or statement of non-opposition to Defendants' motion for summary judgment, (ECF No. 42), shall be filed within **thirty (30) days** from the date of service of this order;
6. Defendants' reply brief, if any, is due within **fourteen (14) days** from the date Plaintiff's opposition is filed in CM/ECF; and
7. **Plaintiff's failure to file an opposition or statement of non-opposition in compliance with the Court's order will result in dismissal of this action, with prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:  **May 4, 2023**                    /s/ Barbara A. McAuliffe            
                                              UNITED STATES MAGISTRATE JUDGE